**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Francisca Angelita Munoz,<br><br>Defendant. | No. CR-20-mj-3121-TUC-JGZ (BGM)<br><br>**ORDER** |

Pending before the Court is Defendant's "Motion Requesting Review of Magistrate Judge's Order Granting Government an Extension of Time to Indict & Request to Dismiss Complaint."  (Doc. 18.)  The Court heard argument on the motion, which is fully briefed. (Docs. 33, 35.)  For the following reasons, the Court will deny the motion.

Background

On November 14, 2020, Ms. Munoz was charged in a one-count Complaint with Conspiracy to Possess with Intent to Distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § § 846 and 841(a)(1) and (b)(1)(B)(vi).  Defendant waived a preliminary hearing and was released on conditions pending trial.  (Docs. 6, 7.)

On December 8, 2020, the Government filed a motion to extend time to indict and exclude time under the Speedy Trial Act, seeking an additional thirty days.  At that time it was not possible for the Government to seek an indictment because all grand jury proceedings had been suspended pursuant to General Order 20-40 in light of the public

1  health crisis.

2        On December 10, 2020, Magistrate Judge Macdonald issued a written order granting

3  the government's motion, finding that "the ends of justice served by ordering the extension

4  outweighs the best interests of the public and any defendant's right to a speedy trial,

5  pursuant to 18 U.S.C. § 3161(h)(7)(A)."  (Doc. 13.)  The court further found that a

6  miscarriage of justice would result pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), "if

7  time were not excluded under these unique circumstances, during which it is unreasonable

8  to expect return and filing of the indictment within the time period specified in § 3161(b)."

9  (*Id.*)

10        On December 22, 2020, Ms. Munoz filed the pending motion seeking review of the

11  magistrate judge's order and requesting that the Complaint be dismissed without prejudice

12  based on the Government's violation of the Speedy Trial Act.  (Doc. 18.)

13                              Discussion

14        The Court concludes that Magistrate Judge Macdonald did not clearly err in granting

15  the Government's motion to extend the time for indictment, and the Magistrate Judge's

16  order is not contrary to law.  28 U.S.C. § 636(b)(1)(A) (setting forth standard of review).

17  The Speedy Trial Act required the government to return an indictment within 30 days of

18  Ms. Munoz's arrest, 18 U.S.C. § 3161(b), unless an exception ("excludable time") is found.

19  18 U.S.C. § 3161(h).  Here, the magistrate found that time was excludable under section

20  18 U.S.C. § 3161(h)(7)(A).[1] This section, referred to as the catch-all, "permits a district

21

22        [1] Under 18 U.S.C. § 3161(h)(7), the following period is excluded in computing
23  the time within which an indictment must be filed:

24        **(A)** Any period of delay resulting from a continuance granted by any judge
      on his own motion or at the request of the defendant or his counsel or at the request
25    of the attorney for the Government, if the judge granted such continuance on the
      basis of his findings that the ends of justice served by taking such action outweigh
26    the best interest of the public and the defendant in a speedy trial. No such period of
      delay resulting from a continuance granted by the court in accordance with this
27    paragraph shall be excludable under this subsection unless the court sets forth, in
      the record of the case, either orally or in writing, its reasons for finding that the ends
28    of justice served by the granting of such continuance outweigh the best interests of
      the public and the defendant in a speedy trial.

court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speed trial." *Zedner v. United States*, 547 U.S. 489, 498-99 (2006).

Magistrate Judge Macdonald's order is in compliance with section 3161(h)(7)(A)'s requirements.   Judge Macdonald reviewed the record and made specific findings in concluding that a continuance was warranted, citing two of the four factors listed in section 3161(h)(7)(A): (B)(i) and (B)(iii).  Although Judge Macdonald did not mention factors (ii) (case complexity) and (iv) (ability to obtain counsel and prepare effectively), those factors have no applicability on the facts of this case.  The Court does not presume that Judge Macdonald erred by not mentioning these factors in his order when they are clearly not applicable.

The Court disagrees with Ms. Munoz's characterization of Judge Macdonald's order as granting an open-ended extension of time to indict.  Judge Macdonald granted a thirty-day extension only, and while the Government has since sought further thirty-day

---

**(B)**The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

    **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

    **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

    **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

    **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §  3161(h)(7).

extensions, those extensions must be evaluated on their own merit, considering the facts and circumstances present at the time of the request.  The health crisis is not one that is expected to last indefinitely.  In fact, the Grand Jury has been reconvened and will hear cases this month.

For the foregoing reasons, **IT IS ORDERED** that the Defendant's Motion Requesting Review of Magistrate Judge's Order Granting Government an Extension of Time to Indict & Request to Dismiss Complaint (Doc. 18) is **DENIED**.

Dated this 11th day of March, 2021.


Honorable Jennifer G. Zipps
United States District Judge